Anoush Hakimi (SBN 228858)
anoush@handslawgroup.com
Peter Shahriari (SBN 237074)
peter@handslawgroup.com
Valerie Bradbury (SBN 249868)
valerie@handslawgroup.com
**THE LAW OFFICE OF HAKIMI & SHAHRIARI**
1800 Vine Street
Los Angeles, CA 90028
Telephone: (888) 635-2250
Facsimile: (213) 402-2170

Attorneys for Plaintiff,
**VICTOR DALFIO**

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VICTOR DALFIO, an individual,<br><br>Plaintiff,<br><br>v.<br><br>J.G. MGMT PROPERTIES IV, LLC, a California limited liability company; MZM FOODS, INC., a California corporation; and DOES 1-10,<br><br>Defendants. | Case No. 3:21-cv-00652-GPC-RBB<br><br>Hon. Gonzalo P. Curiel<br><br>**SECOND AMENDED COMPLAINT FOR VIOLATIONS OF: AMERICANS WITH DISABILITIES ACT OF 1990, 42 U.S.C. § 12181, *et seq.*; UNRUH CIVIL RIGHTS ACT, CALIFORNIA CIVIL CODE § 51, *et seq.***<br><br>DEMAND FOR JURY TRIAL |

Plaintiff Victor Dalfio (hereinafter referred to as "Plaintiff") complains of

FIRST AMENDED COMPLAINT

Defendants J.G. MGMT Properties IV, LLC, a California limited liability company;

MZM FOODS, INC., a California corporation; and Does 1-10 (each, individually a

"Defendant," and collectively "Defendants"), and alleges as follows:

## I.     PARTIES

1.     Plaintiff Victor Dalfio has had two hip replacements. He also

dislocated his hip. He has difficulty walking and standing. Plaintiff uses a cane

most of the time and also uses a walker as needed. Plaintiff is a disabled person

entitled to the protections of the California Unruh Civil Rights Act (UCRA) (*see*

Cal. Civ. Code §§ 51, *et seq.*, 52, *et seq.*), the Americans with Disabilities Act

(ADA) (*see* 42 U.S.C. § 12102, *et seq.*), and other statutory laws which protect the

rights of "disabled persons."  Plaintiff has been issued a blue permanent Disabled

Person Parking Placard, by the State of California.  Plaintiff is a California resident

with physical disabilities.

2.     Defendant J.G. MGMT Properties IV, LLC, a California limited

liability company, owned the property (the "Property"), located at or about 1905-

1915 Garnet Avenue, San Diego, CA 92109.

3.     There is a business establishment on the Property named "Jack in the

Box," located at 1905 Garnet Avenue, San Diego, CA 92109 (hereinafter "the

business").

4.     Defendant MZM Foods, Inc., a California corporation, is/was a lessee

of the Property, owns/owned the business named "Jack in the Box," and has/had control over its business at all relevant times.

5.     The business is a public accommodation as defined by 42 U.S.C. § 12181(7).

6.     DOES 1 through 10 were at all relevant times lessors, lessees, property owners, subsidiaries, parent companies, affiliates, employers, employees, agents, corporate officers, managers, principles, and/or representatives of Defendants. Plaintiff is unaware of the true names and capacities of Defendants sued herein as DOES 1 through 10, inclusive, and, therefore, sues those Defendants by fictitious names.  Plaintiff requests that the Court grant leave to amend this complaint to allege the true names and capacities when determined by whatever source.

7.     Defendants, at all relevant times, were relevant to this action; were the owners, franchisees, franchisors, lessees, lessors, general partners, limited partners, agents, affiliates, employees, employers, representative partners, subsidiaries, partner companies, and/or joint venturers of the remaining Defendants; and were acting within the course and scope of that relationship.  Upon information and belief, Plaintiff alleges that each of the Defendants gave consent to, ratified, and/or authorized the acts alleged of each of the remaining Defendants.

8.     Plaintiff visited the public accommodations owned, leased, and/or operated by Defendants with the intent to purchase and/or use the goods, services,

SECOND AMENDED COMPLAINT

facilities, privileges, advantages, and/or accommodations offered by Defendants.

## II.    JURISDICTION & VENUE

9.    This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343(a)(3) & (a)(4) for violations of the ADA.

10.    Pursuant to supplemental jurisdiction, an attendant and related cause of action, arising from the same nucleus of operative facts, and arising out of the same transactions, is also brought under the UCRA, which expressly incorporates the ADA.

11.    Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because the real property which is the subject of this action is located in this district, and Plaintiff's cause of action arose in this district.

## III.    FACTS

12.    The Property is a facility which is open to the public and includes business establishments.

13.    The Property has been newly constructed and/or underwent remodeling, repairs, or alterations after January 26, 1992.  Defendants have failed to comply with California access standards which applied at the time of each new construction and/or alteration, and/or failed to maintain accessible features in operable working condition.

14.    Plaintiff visited the Property during the relevant statutory period on two (2) separate occasions, in October 2020 and March 2021, to patronize the

4

business on the Property.

15.    Defendants did not offer persons with disabilities with equivalent facilities, privileges, and advantages offered by Defendants to other patrons.

16.    Plaintiff encountered barriers, both physical and intangible, that interfered with, and denied, Plaintiff the ability to use and enjoy the goods, services, privileges, and/or accommodations offered at the Property.

17.    Parking is one of the facilities, privileges, and advantages offered by Defendants to patrons of the Property.

18.    However, there was no accessible parking for disabled patrons at the Property.  The parking spaces designated for disabled persons did not comply with the ADA.

19.    The parking area did not comply with the applicable California Building Code (CBC).

20.    When Plaintiff visited the Property, he experienced access barriers related to parking, signage, entryways, and paths of travel.

21.    Plaintiff encountered the following barriers, conditions, and/or violations at the Property:

**VIOLATION of 1991 ADAS §§ 4.5.2, 4.6.8; 2010 ADAS §§ 302.1, 303.1, 303.2, 303.3, 303.4; 2010 CBC §§ 1120B.2, 1133 B.7.1, 1133B.7.4; 2019**

SECOND AMENDED COMPLAINT

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**CBC §§ 11B-303.1, 11B-303.2, 11B-303.3, 11B-303.4, 11B-303.5**.  (Abrupt changes in level; uneven ground surface.)  Floor and ground surfaces shall be stable, firm, and slip resistant.  Changes in level of 1/4 inch high maximum shall be permitted to be vertical and without edge treatment.  Changes in level between ¼-inch high minimum and ½-inch high maximum shall be beveled with a slope not steeper than 1:2. Changes in level greater than 1/2 inch high shall be ramped.  The route of travel, including from the designated disabled parking spaces to the entrance of the building/business, have an uneven ground surface with changes in level exceeding one-half inch (1/2") (and no ramps are provided).  The route of travel has damaged ground which is not flush or flat.  The ground has pavement distresses.  Plaintiff, a cane and walker user, cannot safely and fully enjoy the premises when such conditions are present.  These excess changes in level and uneven ground surfaces pose risks to Plaintiff, including that his foot, and/or cane or walker may catch on the uneven ground causing him to fall.  These abrupt changes in level pose an increased risk of danger to Plaintiff, as he is more likely to trip/fall than someone without disabilities.  The excess changes in level (i.e., uneven ground) denied Plaintiff full and equal use or access during each of his visits by making it difficult/harder and more dangerous for him to traverse the property/route with his mobility device.  The excess changes in level (i.e.,

SECOND AMENDED COMPLAINT

uneven ground) also deterred/deters Plaintiff from visiting the Property because it would be difficult/harder and more dangerous for Plaintiff to traverse the property/route with his cane or walker.

**VIOLATION of 1991 ADAS § 4.13.8; 2010 ADAS § 404.2.5; 2010 CBC § 1133B.2.4.**  (Front door entrance threshold and weather strip changes in level.)  The front door entrance threshold and weather strip at the business has/had changes in level greater than one-half inch (1/2") but no ramp is/was provided.  The presence of an excess change in level at the front door entrance denied Plaintiff full and equal use or access by making it difficult and/or uncomfortable for Plaintiff to walk/pass through the entrance.  The barrier also deterred/deters Plaintiff from visiting the Property because it would make it difficult and/or uncomfortable for Plaintiff to walk/pass through the entrance.

22.    Plaintiff personally encountered the foregoing barriers, conditions, and/or violations.

23.    These barriers, conditions, and/or violations denied Plaintiff full and equal access, and caused him difficulty, humiliation, and/or frustration.

24.    The barriers, conditions, and/or violations existed during each of

Plaintiff's visits in October 2020 and March 2021.

25.    Defendants knew that the foregoing architectural barriers prevented access.  Plaintiff will prove that Defendants had actual knowledge that the architectural barriers prevented access, and that the noncompliance with the ADA Standards for Accessible Design (ADAS), ADA Accessibility Guidelines for Buildings and Facilities (ADAAG), and/or the California Building Code (CBC) was intentional.

26.    Plaintiff intends and plans to visit the Property again soon.  Currently, Plaintiff is reasonably deterred from returning to Defendants' public accommodation facilities because of the knowledge of barriers to equal access, relating to Plaintiff's disabilities, that continue to exist at the Property.

27.    Defendants have failed to maintain in working and useable condition those features necessary to provide ready access to persons with disabilities.

28.    Defendants have the financial resources (i.e., financial ability) to remove these barriers without much expense or difficulty in order to make the Property more accessible to their mobility impaired customers (i.e., disabled persons).  The removal of these barriers is readily achievable.  The United States Department of Justice has determined that removal of these types of barriers is readily achievable.

29.    Defendants refuse to remove these barriers.

8

SECOND AMENDED COMPLAINT

30.     On information and belief, Plaintiff alleges that Defendants' failure to remove these barriers was/is intentional, because the barriers are logical and obvious.  During all relevant times, Defendants had authority, control, and dominion over these conditions.  Thus, the absence of accessible facilities was/is not a mishap; it was/is the result of intentional actions or inaction.

31.     These barriers to access are described herein without prejudice to Plaintiff citing additional barriers to access after further inspection by Plaintiff's agents and/or experts.  *See Doran v 7-ELEVEN, Inc.,* 524 F.3d 1034 (9th Cir. 2008) (holding that once a plaintiff encounters one barrier at a site, a plaintiff can sue to have all barriers that relate to his or her disability removed, regardless of whether he or she personally encountered them).

## IV. FIRST CAUSE OF ACTION:  VIOLATION OF THE AMERICANS WITH DISABILITIES ACT OF 1990

### (42 U.S.C. § 12101, *et seq.*)

(Against All Defendants)

32.     Plaintiff alleges and incorporates by reference each and every allegation contained in all prior paragraphs of this complaint.

33.     Title III of the ADA prohibits discrimination against any person on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation

by any person who owns, leases, or operates a place of public accommodation.  42

U.S.C. § 12182(a).

34.    Defendants discriminated against Plaintiff by denying him "full and

equal enjoyment" and use of the goods, services, facilities, privileges, and/or

accommodations they offered during each visit, and each incident of a deterred

visit.

35.    The acts and omissions of Defendants herein were/are in violation of

Plaintiff's rights under the ADA and the regulations codified at 28 C.F.R. Part 36,

*et seq.*

36.     Pursuant to the ADA, discrimination is a "failure to make reasonable

modifications in policies, practices or procedures, when such modifications are

necessary to afford goods, services, facilities, privileges, advantages or

accommodations to individuals with disabilities, unless the entity can demonstrate

that making such modifications would fundamentally alter the nature of such goods,

services, facilities, privileges, advantages or accommodations."  42 U.S.C. §

12182(b)(2)(A)(ii).

37.    The ADA requires removal of architectural barriers in existing

facilities where such removal is readily achievable.  42 U.S.C. § 12182(b)(2)(A)(iv)

("discrimination includes … a failure to remove architectural barriers, and

communication barriers that are structural in nature, in existing facilities, … where

such removal is readily achievable"). The term "readily achievable" is defined as

"easily accomplishable and able to be carried out without much difficulty or

expense." 42 U.S.C. § 12181(9). Barriers are defined by reference to the ADA

Standards for Accessible Design (ADAS), found at 28 C.F.R. Part 36, including the

ADA Accessibility Guidelines for Buildings and Facilities (ADAAG), at Part 36,

Appendix A.

38.    If removal of any barrier is not readily achievable, a failure to make

goods, services, facilities, or accommodations available through alternative

methods is also prohibited if the alternative methods are readily achievable. 42

U.S.C. § 12182(b)(2)(A)(v).

39.    Defendants can remove the architectural barriers at their facility

without much difficulty or expense. Defendants violated the ADA by failing to

remove the barriers because removal was readily achievable. For instance, there

are companies which can repaint parking areas for as little as $350. Defendants can

afford such costs, which are a fraction of what Defendants receive in (rental or

business) profits in connection with such a large and expensive property.

40.    Alternatively, if it was not "readily achievable" for Defendants to

remove barriers at their facilities, Defendants violated the ADA by failing to make

their services available through alternative methods which are readily achievable.

41.    On information and belief, Plaintiff alleges that the facility was altered

SECOND AMENDED COMPLAINT

after January 26, 1992, mandating compliance with accessibility requirements under the ADA.

42.    The ADA requires that facilities altered in a manner that affects or could affect their usability must be made readily accessible to individuals with disabilities to the maximum extent feasible.  42 U.S.C. § 12183(a)(2).

43.    Defendants altered the facilities at the Property in a manner that violated the ADA, and/or failed to make the Property readily accessible to physically disabled persons to the maximum extent feasible.

44.    The ADA also requires reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities, unless the entity can demonstrate that making such modifications would fundamentally alter the nature of such goods, services, facilities, privileges, advantages, or accommodations.  42 U.S.C. § 12182(b)(2)(A)(ii).

45.    Defendants violated the ADA by failing to make reasonable modifications in policies, practices, or procedures at the Property when these modifications were necessary to afford (and would not fundamentally alter the nature of) the goods, services, facilities, privileges, advantages, or accommodations.

46.    Plaintiff seeks a finding from this Court that Defendants violated the ADA, so that he may pursue damages under California's Unruh Civil Rights Act.

47.     Here Defendants' failure to make sure that accessible facilities were available to, and ready to be used by, Plaintiff was/is a violation of law.

48.     Plaintiff would like to continue to frequent the Property, which is close to his home.  However, he is deterred from doing so because he has been discriminated against and is aware of accessibility barriers at the Property.

49.     Among the remedies sought, Plaintiff seeks an injunction order requiring compliance with federal and state disability access laws, and remediation of the existing access violations (i.e., removal of the existing barriers) at the Property.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment against Defendants, as follows:

1. For injunctive relief compelling Defendants to comply with the Americans with Disabilities Act and the Unruh Civil Rights Act.  Note: Plaintiff is not invoking section 55 of the California Civil Code and is not seeking injunctive relief under the Disabled Persons Act.


Dated: June 29, 2022                    THE LAW OFFICE OF HAKIMI & SHAHRIARI


                                        By:    /s/ Valerie Bradbury
                                               VALERIE BRADBURY, ESQ.
                                               Attorney for Plaintiff Victor Dalfio

13